## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE<br><br>SANDRA MARIA DE FATIMA SEDA BARLETTA<br><br>Debtor | CASE NO. 19-02177(MCF)<br><br><br>CHAPTER 13 |

### AMENDED OBJECTION TO CONFIRMATION OF AMENDED CHAPTER 13 PLAN DATED SEPTEMBER 25, 2020 AT DK. NO. 52

**TO THE HONORABLE COURT:**

By counsel, Isabel de la Torre – Machado (hereinafter "De la Torre") very respectfully represents and prays as follows:

1. Debtor filed her Chapter 13 bankruptcy petition on April 22, 2019. Dk. No. 1.

2. Ms. De la Torre is a secured creditor with a mortgage lien over real property belonging to Debtor and located at #8 Calle Tapia, Ocean Park, San Juan, Puerto Rico.   See, Claim #5.

3. Debtor filed her latest proposed Chapter 13 plan dated September 25, 2020 at Dk. No. 52, in which she provides that secured creditors with liens over the aforementioned real property will be paid directly upon the closing of the sale of the same. See, Dk. No. 52 at sections 8.3 and 8.4.

4. Furthermore, the foregoing plan also provides for the automatic lifting of the stay in favor of the named secured creditors in section 8.3 of the plan, if the abovenamed collateral is not sold on or before the 28th month from the filing of the petition. See, section 8.3 of the plan at Dk. No. 52.

5. Notwithstanding, despite the appearing creditor being a secured creditor with a mortgage lien over the collateral described hereinabove at paragraph 2, she is not included in the provision affording an automatic lifting of the stay if her collateral is not sold by Debtor

2

on or before the 28th month after the date of the filing of the petition.    See, section 8.3 of

the plan, as Mrs. De la Torre is not named in the foregoing section, but on section 8.4.

6.   The appearing creditor objects to the confirmation of Debtor's latest plan dated

September 25, 2020 at Dk. No. 52 for the following reasons:

   a.   **Unfair Discrimination in violation of section 1322(a) (3) of the Bankruptcy
       Code.**   As Debtor does not provide the redress of an automatic lifting of the stay in
       favor of the appearing creditor, despite having provided to other secured creditors
       with liens over the same collateral, the plan unfairly discriminates against Ms. De la
       Torre in violation of section 1322 (b)(3) of the Bankruptcy Code. See, section 8.3 of
       the proposed plan, which fails to mention Ms. De la Torre as a mortgage creditor over
       the realty located at #8 Calle Tapia, Ocean Park, San Juan, P.R.

   b.   **Collateral is not necessary for Debtor's reorganization.**   As the property
       described herein at paragraph 2, and which serves as collateral to the appearing
       creditor, is not is not necessary for Debtor's reorganization, it is also irrelevant whether
       the property has equity or not for purposes of adequate protection to secured creditors
       with liens over the same. It must be noted, that Debtor claimed the aforementioned
       property serving as collateral for the appearing creditor as completely exempt, thus no
       money from the sale of the same will ever be used to pay any creditors, other than the
       ones with liens over it.   As a result, any surplus money at the closing of the sale of the
       real property located at #8 Tapia Street in Ocean Park will end up in Debtor's pocket.
       In view of the above, the appearing creditor and the Chapter 13 Trustee have requested
       information regarding the efforts made by Debtor up to date to sell the
       aforementioned property to no avail.   As Debtor continues to ignore such requests,

3

she does not inform if there have been any offers to purchase the property mortgaged in favor of the appearing creditor.  Without said information, Mrs. De la Torre and other creditors with liens over the property, cannot determine whether Debtor's efforts to allegedly market and sell the collateral are in good faith.   As a result, debtor fails to establish the feasibility of her proposed plan pursuant to section 1325(a)(6) of the Bankruptcy Code and that the plan is being proposed in good faith under section 1325(a)(3) of the same.

c. **Unreasonable delay in complying with the sale of the collateral as provided by Debtor's proposed plan.**  Over a year has passed since the filing of the petition and Debtor has been unsuccessful in selling Ms. De la Torre's collateral.  In addition, Debtor is marketing the collateral with an asking price way above the value Debtor herself asserted the property has in her schedules. See, schedules A and D at Dk. No. 1. As shown in the attached posting of Clasificados online, the real property in question is being marketed for a sale price of $1,200,000.00, while Debtor stated in her schedules and under oath, that the property has a value of $900,000.00.   The foregoing, makes it impossible to obtain any reasonable offers for the purchase of the same in detriment to the secured creditors that have liens of the property and are impeded to enforce their liens over the same.   Listing the property at a price $300,000.00 above its alleged value makes no sense, and debtor should explain why the sales price is $1,200,000.00. See document attached. The foregoing deprives the appearing creditor of adequate protection under section 361 and 362 of the Bankruptcy Code.

4

d. **Time frame to sell the collateral is too long, and, whether such property will be sold for a sufficient amount to pay all secured creditors is highly speculative.**

It is the appearing creditor's contention that the time frame to sell the foregoing property is too long, as the payoff balance of the loan with Ms. De la Torre and the payoff amount of other loans secured with mortgages over the property located at #8 Calle Tapia in Ocean Park continues to increase, along with the CRIM's secured claim for taxes over said realty, thus depleting any potential equity on the property at the time the case was originally filed on April 22, 2019.[1]

Secured creditors have been deprived of any information regarding any offers to purchase their collateral, and therefore, cannot assess if there have been any reasonable offers to purchase the property located at #8 Tapia Street in Ocean Park, so they can be paid in full at closing.  As such, secured creditors do not know if Debtor has rejected offers that would be sufficient to pay all secured creditors, but that would not result in Debtor being able to pocket any surplus at the closing of its sale. Of course, any potential rejection of offers of this nature would be at the expense of secured creditors with liens over the foregoing collateral, which are forced to wait until the collateral is sold at a price that is to Debtor's liking, instead of selling it at a price that is reasonable and sufficient to pay secured creditors, taking into consideration market conditions and the current state of the property.

---

[1]Debtor has not shown any evidence of having paid the post-petition real property taxes for the appearing creditor's collateral. At present, the post-petition taxes payable on July 1, 2019, January 1, 2020 and July 1, 2021 are already due and outstanding, unless Debtor can show that she has paid said property taxes.

5

It must not be forgotten, that while Debtor keeps on extending the time frame to sell the collateral, which by the way, could be easily further extended by submitting post-confirmation amended plans, if the proposed plan gets confirmed; the payoff balances of the loans secured by the aforementioned realty and the taxes applicable to the same, keep on increasing.  As a result, the alleged adequate protection provided, by a "so called" equity cushion on the collateral, most probably will be depleted.

Therefore, whether the collateral of secured creditors with liens over the realty located at #8 Calle Tapia could be sold for a price sufficient to pay all secured creditors as proffered in Debtor's latest proposed plan is highly speculative and does not comply with the feasibility requirements of section 1325(a)(6) of the Bankruptcy Code. Furthermore, the foregoing clearly deprives secured creditors of adequate protection in violation of sections 361, 362 and 1325(a)(1) of the Bankruptcy Code.

e. **Debtor fails to pay her disposable income in violation of section 1322 (a)(1) of the Bankruptcy Code.**   Debtor's latest amended plan eliminates her monthly payment step up payments from $100.00 monthly to $250.00 monthly on month 13 of the plan and extends her monthly $100.00 payments for and additional period of 12 months.   The foregoing was done without explaining why she is not able to comply with the increase of her payments on month 13 of the plan, as originally proposed to creditors, and despite her alleged income increase derived from future rent receivables pursuant to her schedule I.   See, Dk. No. 1 and Debtor's original plan dated May 16, 2019 at Dk. No. 11.2

---

2 Debtor does not identify the property to be rented and from which rent receivables will derived.   Payments under the plan may end up satisfying any potential deficiency of secured creditors over the realty at Calle Tapia, if said realty is

6

f.  **Retention of lien language is not proper and deprives secured creditors of
adequate protection.**  Debtor's retention of lien language is inadequate, as it is the
one provided pursuant to section 1325 (a)(5) which limits the retention of liens to the
time in which Debtor may obtain a discharge under Chapter 13.  It must be noted,
that if the automatic relief from stay provided by the plan is triggered in favor of
secured creditors after month 28 of the same, there is no guarantee that secured
creditors will be able to complete the foreclosure on their collateral before Debtor may
obtain a discharge upon completion of payments under any confirmed Chapter 13
plan.  Debtor should therefore provide a retention of liens that will remain in full
force and effect, even if she obtains a discharge pursuant to section 1328 of the
Bankruptcy Code.  Additionally, the retention of liens section, that is section 8.2 of
the plan, modifies sections 3.1, 3.3, 3.4 and 3.7 of Debtor's latest amended plan, which
have no provision for any secured creditors and therefore provides no retention of
liens for any such type of creditors. Secured creditors are provided for in section 8.3
of the plan, to which section 8.2 does not refer to. Therefore, as drafted, Debtor's
latest amended plan does not provide the retention of liens required for secured
creditors in order to provide adequate protection pursuant to sections 361, 362 and
1325(a)(1) of the Bankruptcy Code.

g.  **Debtor's latest plan makes reference to the wrong claim filed by the appearing
creditor at section 8.4.**  Debtor's latest plan also makes reference to the wrong claim
number, when referring to the appearing creditor in section 8.4, as Ms. De la Torre's

---

adjudicated in favor of a senior lien holder.

7

claim is claim #5, not claim #3, as erroneously stated in the second sentence of the aforementioned section.   Claim #3 was filed by the Internal Revenue Service.

h. **Debtor fails to provide evidence of having insured the collateral and does proffer to pay for said insurance in the future, nor to pay its applicable taxes.**

Debtor does not provide evidence of having adequately insured the collateral of the appearing creditor with a hazard insurance covering earthquakes, tropical storms and fire.   Lack of hazard insurance covering hurricanes, earthquakes and fire deprives Ms. De la Torre and other secured creditors which hold liens over the same collateral of adequate protection pursuant to sections 361 and 362 of the Bankruptcy Code, as the threat of loss of said collateral is not covered by any insurance. See, *In Re Barnes*, 125 B.R. 484 (Bankr. E. D. Mich. 1991) and *In the matter of Sierra*, 73 BR 372.   Failure to provide hazard insurance over the collateral deprives secured creditors of adequate protection regardless of the value of the collateral, and also makes Debtor's latest proposed plan not compliant with section 1325(a)(1) of the Bankruptcy Code.3

7. In view of the above, Ms. De la Torre does not accept Debtor's plan dated September 25, 2020 at Dk. No. 52 and hereby objects to the confirmation of the same as it fails to comply with sections 361, 362, 1322(a)(1), 1322(a)(3), 1325 (a)(3), 1325(a)(5), 1325(a)(6) and 1325(a)(1) of the Bankruptcy Code.

### NOTICE
*Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection*

---

3 Senior lien holders require insuring the collateral for the replacement value of the same, thus providing sufficient windfall to pay junior lien mortgage holders in case the collateral is lost due to a covered casualty.

8

*or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico and serve a copy of the same on the appearing parties and the US Trustee's Office. If no objection or other response is filed within the time allowed herein, the relief sought will be deemed unopposed and may be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the court, the interest of justice requires otherwise.*

**WHEREFORE**, it is respectfully requested from this Honorable Court to **DENY** the confirmation of debtor's latest amended Chapter 13 plan dated September 25, 2020 filed at Dk. No. 52, with any other redress this Court may deem just and proper.

**CERTIFICATE OF SERVICE:** This document was filed with the U.S. Bankruptcy Court for the District of Puerto Rico using the CM/ECF filing system, which will send a copy of this motion to all registered parties including: **Noemí Landrau - Rivera, Esq.**, Counsel for Debtor, **Alejandro Oliveras - Rivera, Esq.**, Chapter 13 Trustee, and to the **U.S. Trustee Office**.  A copy of this document was also sent by First Class Mail to **Sandra María de Fatima Seda Barletta,** Debtor, #8 Calle Tapia, Ocean Park, San Juan, Puerto Rico 00911.

**RESPECTFULLY SUBMITTED.**

In Guaynabo Puerto Rico on this 3rd day of January 2021.

**LUIS M. SUAREZ LOZADA**
**LAW OFFICES**
Counsel for Isabel de la Torre - Machado
P.O. Box 192333
San Juan, Puerto Rico 00919-2333
Phone:(787)296-4299
e-mail: suarez@caribe.net
**/S/Luis M. Suárez Lozada**
USDC-PR 209712






🇵🇷 Clasificados de Puerto Rico

♥ Mis Favoritos    🛒 Login

Ayuda para tu Negocio

**Clasificados** Online

Clasificados de Puerto Rico
Puerto Rico Classifieds

| Bienes Raices | Alquiler y Vacaciones | Vehiculos, Autos | Mascotas | Articulos | Empleos | Servicio en Minutos | Servicios |
|---|---|---|---|---|---|---|---|
| Real Estate for Sale | Long and Short Term | Motoras y Botes | Pets | Merchandise | Jobs | Plomero, Abogado... | Guia |
| FOR SALE | FOR RENT | | | | | | |

---

# Guest House Santurce Norte!!

en San Juan - Santurce Puerto Rico Comercial - Apartments Building en Urbanizacion - Ocean Park

Destacar Clasificado

➜ Puerto Rico
   Estados Unidos
FAQ- Ayuda
Contact Us


🔍 Ampliar

Cuartos >=6,
Baños 5<,
🛁 Calculadora Hipotecaria

Ver 56 transacciones en Ocean Park

Clasificado #4394050
¡Consejos Arquitecta!

Urbanizacion - Ocean Park, San Juan - Santurce
**$1,200,000** *Liquidacion!!*

Email Vendedor


Ver prop. cerca

Pedro Betancourt L.8416
B&C Properties Real Estate
7875476521

🚫 Destacar


**Pedro Betancourt L.8416**

---

 No Pagues **RENTA** ORIENTATE PRIMERO    🖨 PRINT  PRINTER FRIENDLY    Guest House a un minuto de la playa, buena oportunidad. Para mas informacion llamar al 787-547-6521.     elPrestamo Necesitas un Prestamo Hipotecario?

---

| ♡ | f Share | ➦ Enviar | 📝 Modificar | 🗞 Reportar | ✖ Remover | ✓ Destacar |
|---|---|---|---|---|---|---|



Otras Propiedades Similares destacadas! Oprima Aquí para Destacar su Clasificado!



**SANTURCE, San Juan

**SANTURCE COMERCI...    $310,000
Comercial    0 Cuartos | 2 Baños

---

🏠 HOME MORTGAGE **BANKERS**    LIC. IH-110

Ver tu Promoción Aqui!

---