**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE<br><br>SANDRA MARIA DE FATIMA SEDA BARLETTA<br><br>Debtor | CASE NO. 19-02177(MCF)<br><br>CHAPTER 13 |

**OBJECTION TO CONFIRMATION OF AMENDED CHAPTER 13
PLAN DATED JANUARY 8, 2021 AT DK. NO. 69**

**TO THE HONORABLE COURT:**

By counsel, Isabel de la Torre – Machado (hereinafter "De la Torre") very respectfully represents and prays as follows:

1. Debtor filed her Chapter 13 bankruptcy petition on April 22, 2019. Dk. No. 1.

2. Ms. De la Torre is a secured creditor with a mortgage lien over real property belonging to Debtor and located at #8 Calle Tapia, Ocean Park, San Juan, Puerto Rico. See, Claim #5.

3. Debtor filed her latest proposed Chapter 13 plan dated January 8, 2021 at Dk. No. 69, in which she provides that secured creditors with liens over the aforementioned real property will be paid directly by Debtor upon the closing of the sale of the same. See, Dk. No. 69 at sections 8.2, 8.3 and 8.4.

4. Furthermore, the foregoing plan provides that secured creditors will retain their liens and that such secured creditors will "deliver the promissory notes of their secured claims to Debtor upon payment in full of their secured claims". See, section 8.2 of the plan at Dk. No. 69.

5. Finally, debtor's latest proposed plan provides that the sale of the appearing creditor's collateral will be effected on or before the 28 month from the date of the filing of the petition and that the trustee will not make any disbursements to the appearing creditor or

Case:19-02177-MCF13 Doc#:75 Filed:01/19/21 Entered:01/19/21 07:58:00 Desc: Main
Document Page 2 of 9


2

any other secured creditors with a lien over the collateral described herein in paragraph 2 above, as the collateral has an alleged equity cushion to provide said creditors with adequate protection. See, section 8.3 and 8.4 of the plan.

6. As the provisions of Debtor's latest proposed plan fail to comply with the provisions of the Bankruptcy Code and applicable Court decisions, the appearing creditor hereby objects to the confirmation of Debtor's latest plan dated January 8, 2021 at Dk. No. 69 for the following reasons:

    a. **Lack of feasibility and adequate protection.** In order to comply with sections 361 and 362 of the Bankruptcy Code, it is Debtor's contention that secured creditors with a lien over the collateral described in paragraph 2 above are adequately protected as their collateral has an alleged equity cushion over and above the payoff amount of Debtor's secured loans with each one of them. The alleged existence of the aforementioned equity cushion on the part of Debtor is not supported by any admissible evidence that Debtor has provided to creditors, the Chapter 13 Trustee or this Court. It is merely supported by a self-serving statement as to the value of said secured creditor's collateral stated in Debtor's schedules, nothing else. It behooves Debtor, for purposes of confirmation, to demonstrate that such equity cushion exists and that it is sufficient to provide adequate protection to her secured creditors with liens over the collateral described hereinabove in paragraph 2. Otherwise, Debtor's latest proposed plan would not be feasible and would not provide creditors with liens over the realty located at #8 Calle Tapia in Ocean Park with adequate protection. In this regard, see *In re Erickson*, 176 B.R. 753(Bankr. E.D. Pa. 1995) and *In re Newton*, 161 B.R. 207, 216-2018 (Bankr. D. Minn. 1993). As a result, Debtor's proposed plan

3

dated January 8, 2021 would not comply with sections 361, 362 and 1325(a)(6) of the Bankruptcy Code. Moreover, Debtor must show that she has made good faith efforts to actually sell the collateral in the time frame proffered in her proposed amended plan, which would include for her to disclose to creditors, the Chapter 13 Trustee and the Court of her efforts to sell said collateral and to inform if any offers have been received to date, and if any have been received and rejected, Debtor must explain why they have been rejected.1

b. **Plan not proposed in good faith and feasibility.** It must be noted that without Debtor actually disclosing the evidence she has to support the existence of any equity in the appearing creditor's collateral, her assertion as to the capability of selling the same for an amount sufficient to pay all creditors with liens over it is highly speculative. The foregoing matter clearly hinges on Debtor actually being able to sell the appearing creditor's collateral for a price that would allow her to comply with the full payment to all secured creditors with liens over said realty in the time frame advertised, and therefore, on whether the plan is being proposed in good faith pursuant to section 1325(a)(3) of the Bankruptcy Code and as to the feasibility of the same pursuant to section 1325(a)(6) of the same.

In view of the above, the appearing creditor, the Chapter 13 Trustee and Banco Popular have requested information regarding the efforts made by Debtor up to date to sell the aforementioned property to no avail. As Debtor continues to ignore such

---

1 See also, *In re Gavia*, 24 B.R. at 574; *In re Seem*, 92 B.R. 134, 135-136 (Bankr. E.D. Pa. 1998); *In re Houge*, 78 B.R. at 872-873; *In re Vieland*, 41 B.R. 134, 140-141 (Bankr. N.D. Ohio 1984); *In re Tucker*, 34 B.R. 257, 262-263 (Bankr. W.D. Okla. 1983). These case law was cited by Banco Popular de Puerto Rico in its objection to confirmation of Debtor's prior plan at Dk. No. 59.

4

requests, as she does not inform if there have been any offers to purchase the property mortgaged in favor of the appearing creditor. Without said information, Mrs. De la Torre and other creditors with liens over the aforementioned property, cannot determine whether Debtor's efforts to allegedly market and sell the collateral are in good faith and could be accomplished in the time frame proposed in Debtor's plan.2

c. **Debtor eliminated the remedy of an automatic relief from stay in favor of secured creditors if property was not sold within 28 months as proffered.** Debtor eliminated the provision contained in her prior version of the plan, which provided the automatic relief from stay as a remedy to secured creditors with liens over the realty located at #8 Calle Tapia in Ocean Park, if said property is not sold in the 28 month time frame proffered in the plan. Applicable case law establishes that plans that propose to cure-by-sale of property must not only show that there is equity in the property to be sold to pay creditors as proffered, but also must provide a remedy such as relief from stay in favor of the affected creditors with liens over the property, in case such property is not sold within the proposed period of time. See. *In re Erickson*, supra, and *In re Newton*, supra.

d. **Debtor fails to propose the payment of post-petition interest to secured creditors with liens over the collateral described in paragraph 2 above, despite her allegations that the property has equity and they are oversecured.** If Debtor

---

2 The property described hereinabove at paragraph 2, and which serves as collateral to the appearing creditor, is not necessary for Debtor's reorganization, as Debtor claimed the aforementioned property serving as collateral for the appearing creditor as completely exempt, thus no money from the sale of the same will ever be used to pay any creditors, other than the ones with liens over it. As a result, any surplus money at the closing of the sale of said realty, if any, will end up in Debtor's pocket.

5

actually demonstrates that the appearing creditor's collateral has equity over and above the payment to secured creditors, then secured creditors with valid liens over said collateral are oversecured and are entitled to the payment of post-petition interest at the contracted rate. As such, Debtor must pay the payoff balances of all the loans secured with liens over the realty located at #8 Calle Tapia in Ocean Park, not the face value of said creditors' secured claims as proffered by Debtor in section 8.2 of her latest plan. See, *Rake v. Wade*, 508 U.S. 464(1993). It must be noted that Debtor inserted a provision in section 8.2 requiring secured creditors to surrender their promissory notes upon payment in full of their respective secured claims. See, section 8.2 of Dk. No. 69.

e. **Time frame to sell the collateral is too long, and, whether such property will be sold for a sufficient amount to pay all secured creditors is highly speculative, which shows that the proposed plan is not feasible and might not provide adequate protection for secured creditors as proffered.** It is the appearing creditor's contention that the time frame to sell the foregoing property is too long, as the payoff balance of the loan with Ms. De la Torre and the payoff amount of other loans secured with mortgages over the property located at #8 Calle Tapia in Ocean Park continues to increase, along with the CRIM's secured claim for taxes over said realty, thus depleting any potential equity the property may have had at the time the case was originally filed on April 22, 2019.[3] The total amount due as of the filing of

---

[3] Debtor has not shown any evidence of having paid the post-petition real property taxes for the appearing creditor's collateral. At present, the post-petition taxes payable on July 1, 2019, January 1, 2020 and July 1, 2021 are already due and outstanding, unless Debtor can show that she has paid said property taxes.

6

the bankruptcy petition to secured creditors holding the realty described in paragraph 2 hereinabove as collateral comes to a total amount of $585,526.15.[4]

Secured creditors have been deprived of any information regarding any offers to purchase their collateral, and therefore, cannot assess if there have been any reasonable offers to purchase the property located at #8 Tapia Street in Ocean Park, so they can be paid in full at closing. As such, secured creditors do not know if Debtor has rejected offers that would be sufficient to pay all secured creditors, but that would not result in Debtor being able to pocket any surplus at the closing of its sale, or one that is to her liking. Of course, any potentially rejected offers of this nature would be at the expense of secured creditors with liens over the foregoing collateral, which are forced to wait until the collateral is sold at a price that is to Debtor's liking, instead of selling it at a price that is reasonable and sufficient to pay secured creditors, taking into consideration market conditions and the current state of the property after enduring the damages caused by hurricane María.

It must not be forgotten, that while Debtor keeps on extending the time frame to sell the collateral, <u>which by the way, could be easily be further extended by submitting post-confirmation amended plan</u>, if the proposed plan gets confirmed; the payoff balances of the loans secured by the aforementioned realty and the taxes applicable to the same, keep on increasing. As a result, the alleged adequate protection provided, by a "so called" equity cushion on the collateral, most probably will be depleted.

---

[4] The mortgage balance for Aurora Bank, F.S.B. is taken from Debtor's schedules at Dk. No. 1, as said creditor did not file a proof of claim.

7

Therefore, whether the collateral of secured creditors with liens over the realty located at #8 Calle Tapia can be sold in the time frame proposed and for a price sufficient to pay all secured creditors highly speculative and does not comply with the feasibility requirements of section 1325(a)(6) of the Bankruptcy Code. Furthermore, without showing any evidence of the value of the collateral, which sustained significant damage as a result of the passage of Hurricane Maria, it cannot be asserted that secured creditors are indeed provided with adequate protection as required by sections 361, 362 of the Bankruptcy Code.

f. **Debtor fails to pay her disposable income in violation of section 1322 (a)(1) of the Bankruptcy Code.** Debtor's latest amended plan eliminates her monthly payment step up payments from $100.00 monthly to $250.00 monthly on month 13 of the plan and extends her monthly $100.00 payments for and additional period of 12 months. The foregoing was done without explaining why she is not able to comply with the increase of her payments on month 13 of the plan, as originally proposed to creditors, and despite her alleged income increase derived from future rent receivables pursuant to her schedule I. See, Dk. No. 1 and Debtor's original plan dated May 16, 2019 at Dk. No. 11.[5]

g. **Debtor fails to provide evidence of having insured the collateral and does proffer to pay for said insurance in the future, nor to pay its applicable taxes.** Debtor does not provide evidence of having adequately insured the collateral of the

---

5 Debtor does not identify the property to be rented and from which rent receivables will derived. Payments under the plan may end up satisfying any potential deficiency of secured creditors over the realty at Calle Tapia, if said realty is adjudicated in favor of a senior lien holder.

8

appearing creditor with a hazard insurance covering earthquakes, tropical storms and fire. Lack of hazard insurance covering hurricanes, earthquakes and fire deprives Ms. De la Torre and other secured creditors which hold liens over the same collateral of adequate protection pursuant to sections 361 and 362 of the Bankruptcy Code, as the threat of loss of said collateral is not covered by any insurance. See, *In Re Barnes*, 125 B.R. 484 (Bankr. E. D. Mich. 1991) and *In the matter of Sierra*, 73 BR 372. Failure to provide hazard insurance over the collateral deprives secured creditors of adequate protection regardless of the value of the collateral, and also makes Debtor's latest proposed plan not compliant with section 1325(a)(1) of the Bankruptcy Code.[6] Finally, debtor does not propose to pay the collateral's post-petition taxes, while they keep on increasing with the passing of time without actually selling the same. The foregoing further reduces the possibility of Debtor's success in selling the collateral for a price that is sufficient to pay all secured creditors with liens over the same, thus making the proposed plan not feasible and therefore not confirmable.

7. In view of the above, Ms. De la Torre does not accept Debtor's amended plan dated January 8, 2021 at Dk. No. 69 and hereby objects to the confirmation of the same as it fails to comply with sections 361, 362, 1322(a)(1), 1325 (a)(3), 1325(a)(5), 1325(a)(6) and 1325(a)(1) of the Bankruptcy Code.

## NOTICE

***Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve***

---

[6] Senior lien holders require insuring the collateral for the replacement value of the same, thus providing sufficient windfall to pay junior lien mortgage holders in case the collateral is lost due to a covered casualty.

***and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico and serve a copy of the same on the appearing parties and the US Trustee's Office. If no objection or other response is filed within the time allowed herein, the relief sought will be deemed unopposed and may be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the court, the interest of justice requires otherwise.***

**WHEREFORE**, it is respectfully requested from this Honorable Court to **DENY** the confirmation of debtor's latest amended Chapter 13 plan dated January 8, 2021 filed at Dk. No. 69, with any other redress this Court may deem just and proper.

**CERTIFICATE OF SERVICE:** This document was filed with the U.S. Bankruptcy Court for the District of Puerto Rico using the CM/ECF filing system, which will send a copy of this motion to all registered parties including: **Noemí Landrau - Rivera, Esq.**, Counsel for Debtor, **Alejandro Oliveras - Rivera, Esq.**, Chapter 13 Trustee, and to the **U.S. Trustee Office**. A copy of this document was also sent by First Class Mail to **Sandra María de Fatima Seda Barletta,** Debtor, #8 Calle Tapia, Ocean Park, San Juan, Puerto Rico 00911.

**RESPECTFULLY SUBMITTED.**

In Guaynabo Puerto Rico on this 19th day of January 2021.

> **LUIS M. SUAREZ LOZADA**
> **LAW OFFICES**
> Counsel for Isabel de la Torre - Machado
> P.O. Box 192333
> San Juan, Puerto Rico 00919-2333
> Phone:(787)296-4299
> e-mail: suarez@caribe.net
> **/S/Luis M. Suárez Lozada**
> USDC-PR 209712