IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                              CASE NO. 19-02177 (MCF)

SANDRA   MARIA   DE   FATIMA              CHAPTER 13
BARLETTA

      Debtor

## OPINION & ORDER

The Debtor, Sandra Maria de Fatima Barletta, moves this court to reconsider an order authorizing Lazaro Diaz de Tuesta to withdraw consigned funds in the amount of $25,000.00. Mr. Diaz de Tuesta was a potential buyer of Debtor's Condado property who had deposited that amount in relation to the purchase of the property. After he was unsuccessful in purchasing the property, he appeared with counsel before the court to request that the Debtor return the deposit. The Debtor opposed the return of the monies because she understands that this amount was paid in consideration to secure the purchase from her. After careful review of the Debtor's arguments, we deny the motion for reconsideration.

## Standard for Reconsideration

The party moving for the alteration or amendment of a judgment under Rule 59 of the Federal Rules of Civil Procedure, made applicable to bankruptcy proceedings under Fed. R. Bankr. P. 9023, must establish a manifest error of law and fact, present newly discovered evidence or previous unavailable evidence; manifest injustice; or an intervening change in controlling law. Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005).[1] A motion under this rule must clearly establish at least one these elements.

---

[1] Pursuant to Fed. R. Civ. P. 59(e), a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. However, in bankruptcy, Fed. R. Bankr. P. 9023 reduces the period to 14 days after entry of judgment in bankruptcy proceedings.

-1-

**<u>Legal Analysis</u>**

The Debtor points out that the court erred as a matter of law and fact. The Debtor incorrectly avers that the court should have taken all the facts alleged by her as true.[2]  The Debtor further argues that her contract with Mr. Diaz de Tuesta was not an adhesion contract; that the contract was not an unilateral contract that is not covered under Article 358(c) of the Puerto Rico Civil Code of 2020; that the ambiguous language in the contract cannot be used to make unreasonable presumptions as to her; that the court erred in applying rules of contract construction; and that the Debtor did not breach the contract with Mr. Diaz de Tuesta.

Mr. Diaz de Tuesta opposes the motion for reconsideration because he believes that the Debtor's legal arguments are misleading to the court; that certain factual matters brought up by the Debtor are irrelevant to solving the issue at hand; that the Debtor is abusing the judicial process by trying to keep the deposit when she has already sold the property to someone else; and requests that this court find that the Debtor's conduct is bad faith, thus she should bear his legal expenses.

The court does not agree with the Debtor. The Puerto Rico Supreme Court has long determined that in an option contract, ambiguous provisions are interpreted against the party that was in the position to place the greater number of onerous conditions. <u>Cooperativa la Sagrada Familia v. Castillo Sánchez</u>, 7 P.R. Offic. Trans. 449 (1978), 107 D.P.R. 405 (1978). This fifty-four-year-old case regarded the purchase sale of a lot of land, where the plaintiff credit union wanted to build its headquarters. <u>Id.</u> Mr. Castillo Sanchez was the seller of the lot of land and subscribed a purchase option contract with the credit union. <u>Id.</u> at 449-451. Pursuant to the agreement, the lot would be sold for $80,000.00 of which the credit union paid pursuant to the option contract $19,000.00 in legal tender and $11,000.00 in a check. <u>Id.</u> at 450-451. These amounts were to be applied to the agreed purchase price. <u>Id.</u> The parties also convened that the purchase sale deed would be executed upon the segregation of the lot that the credit union wanted to purchase. <u>Id.</u>

---

[2] Under Fed. R. Civ. P. 56, made applicable to bankruptcy under Fed. R. Bankr. P. 7056, the court does not need to take the statements of uncontested facts as true. This standard proposed by the Debtor is proper for Fed. R. Civ. P. 12 motions.

The credit union ultimately opted not to buy the lot and requested its deposit back because Mr. Castillo Sanchez did not change the zoning of the lot for commercial use. Id. at 452. Litigation ensued and the controversy arrived at the Puerto Rico Supreme Court. In analyzing the controversy, the Puerto Rico Supreme Court observed that it was obvious that the credit union wanted to establish its headquarters in the lot and that maintaining the lot classified for residential use would prevent the credit union from doing business in the property. Id. at 453-454. Mr. Castillo Sanchez relied on the language of the option contract to allege that he had no responsibility to change the zoning of the lot. Id. at 455. The Puerto Rico Supreme Court resolved the controversy in favor of the credit union because it found the option contract to be void. Id. at 461. The Supreme Court also noted that Mr. Castillo Sanchez could have been precluded from making the credit union comply with the option contract because the document was drafted solely by him. Id. at 462. Thus, when an ambiguous contract is drafted exclusively by one party, it will be interpreted in favor of the non-drafting party.[3] This observation was made by interpreting Article 1240 of the Puerto Rico Civil Code of 1930.[4] 31 L.P.R.A. 3478 (repealed).

Article 1240 of the previous civil code was incorporated in Article 358 of the Puerto Rico Civil Code of 2020. 31 L.P.R.A. § 6346. Mr. Diaz de Tuesta correctly points out in his opposition to the motion for reconsideration that Article 358(b) of the Puerto Rico Civil Code of 2020 is applicable to this controversy because it helps solve the issue of ambiguity in favor of the greatest proportionality of interest. Docket No. 233 at 3. Mr. Diaz de Tuesta argues that the concept of "greatest proportionality of interest" found in the Civil Code of 2020 was phrased as "greatest reciprocity of interest" in the Puerto Rico Civil Code of 1930. Id. He explains that this means that doubts regarding the contract language used should be solved in a way that causes minimum

---

[3] At the beginning of the opinion, the Puerto Rico Supreme Court summarizes the contract doctrines applied in the case. The section numbered eleven discusses "contract of option" and reads: "**[w]hen a contract of promise to sell is drafted by the seller in his own way and without the participation of the purchaser, a court should construe its text in the manner that is less favorable to the party that was in a position to impose the greater number of onerous conditions**"(emphasis ours). Cooperativa La Sagrada Familia, 7 P.R. Offic. Trans. at 449.

[4] Article 1240 of the Puerto Rico Civil Code of 1930 read: "[t]he interpretation of obscure stipulations of a contract must not favor the party occasioning the obscurity."

effect, among all other possible effects. Id. As such, Mr. Diaz de Tuesta states that allowing the Debtor to keep the $25,000.00 is not a minimum effect. Id.

A bankruptcy decision in this district has referred to this concept and explained that it is unreasonable that the solution to a doubt in a contract be the application of the maximum effect, because it could result in a maximum error. In re Empresas Omajede, Inc., 537 B.R. 63, 97 & n.22 (Bankr. D.P.R. 2015). As such, courts must look to the minimum effect. Id.

In the instant case, the court was notified of the proposed sale to Mr. Diaz de Tuesta on September 8, 2021, at Docket No. 130. A review of the notice of private sale filed by the Debtor shows that she informed the court that she had engaged in the sale of her Condado property and that she had received an advance from the buyer. Docket No. 130 at 2. The motion also included the option agreement. Id. at 8-13. By inspecting it, we once again arrive at the ambiguous language of the option period in paragraph one (1). Id. at 8. We need not repeat our previous analysis regarding this matter. One thing is clear; this agreement was a template solely drafted by the seller's side and used to expedite the approval of the sale of the property. The Debtor admits that at that point in time she had been two years under bankruptcy protection and had not been able to confirm a chapter 13 plan. Docket No. 231 at 5. It is noteworthy that she sold the property for a higher price than that offered to Mr. Diaz de Tuesta. As such, Mr. Diaz de Tuesta is the party that is left hung out to dry.

The court cannot endorse the Debtor's theory, that because Mr. Diaz de Tuesta gave the $25,000.00 in her name in consideration for the option agreement and to be applied to the purchase price, she gets to keep the funds. Her purpose for filing bankruptcy was to reorganize her finances and pay her debts under applicable bankruptcy law. To this end, she ultimately decided to sell her Condado property, which she achieved. The Debtor cannot expect to profit from a misunderstanding. She could only keep the $25,000.00 if the contract had been clear as to what would occur if the potential buyer did not go through with the sale. The Debtor has reaped from a higher sale price and now she wants to keep the deposit from the previous lower priced offer. To agree with the Debtor would be to grant her the maximum effect, which would be

contrary to the case law in this district. Puerto Rico law is clear; ambiguity cannot benefit the party that solely typed the agreement. Cooperativa la Sagrada Familia, 7 P.R. Offic. Trans. at 449 & 462.

There is no relevant factual issue in the present controversy that precludes us from granting summary judgment in favor of Mr. Diaz de Tuesta. Regarding Mr. Diaz de Tuesta's request for a finding of bad faith and imposition of costs and attorney fees, he may file a separate motion requesting this remedy with a legal memorandum in accordance with the applicable rules.

## **Conclusion**

The motion for reconsideration filed by the Debtor (Docket No. 231) is denied because there is no error of fact and law and as such, Mr. Diaz de Tuesta is authorized to withdraw the consigned funds in the amount of $25,000.00.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 15th day of August, 2022.

MILDRED CABAN FLORES
United States Bankruptcy Judge